## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JASPER KEELS,
    Plaintiff,

          v.

JOHN DOE OFFICER, *et al.*,
    Defendants.

Civil Action No.
1:22-cv-01045-SDG

## <u>OPINION AND ORDER</u>

This matter is before the Court on United States Magistrate Judge J. Elizabeth McBath's July 20, 2022 Final Report and Recommendation (R&R) [ECF 7] and Plaintiff Jasper Keels's notice and objections [ECF 9; ECF 10; ECF 11; ECF 12] thereto, as well as Keels's motion for leave to amend the Complaint [ECF 13]. For the following reasons, Keels's objections are **OVERRULED**, and the R&R is **ADOPTED** in its entirety as the Order of this Court. The motion for leave to amend is **DENIED as moot.**

A party challenging an R&R must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). "Frivolous, conclusory, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). And a "generalized re-assertion" of a

prior argument that fails to "challenge [the] reasoning" in an R&R is insufficient. *Id.* at 1360.

Keels, a detainee at the DeKalb County Jail in Decatur, Georgia, filed the instant action under 42 U.S.C. § 1983 alleging that several "John Doe" and one "Jane Doe" police officers used excessive force by beating him while he was handcuffed. Judge McBath noted that fictitious-party pleading is not permitted in federal court in the absence of a specific description for each defendant,[1] and ordered Keels to amend his complaint to either name the defendants or provide more specific descriptions of them within 30 days.[2]

Keels filed an amended complaint on May 11, but it again failed to provide sufficient identifying information for the defendants.[3] Keels also stated in the amended complaint that his lawyer was out of town, but that Keels would be able to get the necessary information when his lawyer returned.[4] Keels did not request an extension of time, and after two months, he had not updated the information regarding the identity of the defendants. Judge McBath thus determined that Keels

---

[1]   ECF 4, at 1 (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010)).

[2]   *Id.* at 2 (noting that Keels should be able to obtain the required information from the police report for his arrest).

[3]   ECF 6.

[4]   *Id.* at 6.

had failed to amend his pleading as ordered and recommended that this matter be dismissed.[5] In response, Keels sent a document that the Clerk of Court construed as a notice,[6] which was filed on July 25, 2022, and two sets of objections, which were filed on August 8 and September 19.[7]

The crux of Keels's multiple filings is the same: Keels claims to now know the badge numbers of some of the officers, and he argues that they can be compelled to identify the other defendants. Keels further reasserts that his descriptions of the race and approximate age of two of the defendants were sufficient at the outset.[8] In the September 19 objections, Keels also argues that, sometime after July 20, he mistakenly sent information about the newly discovered badge numbers to the Newnan Division of this Court.[9] He contends that he should not be penalized for this mistake.[10]

These objections are overruled on multiple grounds. As a preliminary matter, it was improper for Keels to file multiple sets of objections to the R&R.

---

[5]   ECF 7.

[6]   ECF 9.

[7]   ECF 10; ECF 11.

[8]   ECF 10, at 1; ECF 11, at 1–2.

[9]   ECF 11, at 1.

[10]   *Id.*

Litigants who wish to object to an R&R must do so in one filing within 14 days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Moreover, Keels's notice and objections fail to address the R&R's reasoning, which recommends dismissal because Keels did not comply with Judge McBath's April 21 Order instructing him to amend his complaint with information identifying the defendants.[11] *See* Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa. Keels should have requested an extension of time to comply with Judge McBath's order if he could not meet its deadlines. It is no excuse that Keels's lawyer, who has not entered an appearance in this case, "had things going on."[12] And, while the Court acknowledges that a badge number is likely sufficient to identify a specific police officer, this new information was untimely when it was first presented to the Court on July 25, and it remains untimely now. Thus, even if Keels mistakenly corresponded with the Newnan Division of this Court, [13] he was out of time to

---

[11]   ECF 7.

[12]   ECF 12, at 1.

[13]   The Court questions the veracity of Keels's claim that he corresponded with the Newnan Division. Keels has not submitted any evidence to prove this claim, and the Court understands that any information sent to the Newnan Division of this Court would have been forwarded to the Atlanta Division and docketed under the appropriate case number. In short, there is no record to support Keels's argument on this point.

amend his complaint by the time he submitted the first newly-discovered badge number to the Court.

The Court additionally notes that Keels has not tied the officers whose badge numbers he now provides to any specific conduct in the initial complaint or amended complaint. If the Court were to consider Keels's notice and objections as further amendments to the initial complaint, then the case would nevertheless be subject to dismissal as an impermissible shotgun pleading. Shotgun pleadings include those "asserting multiple claims against multiple defendants *without specifying which of the defendants are responsible for which acts or omissions*, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted) (emphasis added). In sum, it is not enough to list badge numbers of "John Doe" or "Jane Doe" officers in an objection to the R&R; Keels's pleading must connect those badge numbers to the injuries he allegedly sustained.

Keels had at least three opportunities to provide the information required to raise a valid claim for relief, and he failed to do so each time. Because of this,

the Court agrees that dismissal without prejudice is appropriate. As Judge McBath previously advised, Keels is permitted to file a new suit when he is ready and able to properly identify the defendants and follow the Court's orders and deadlines.

Accordingly, Keels's notice and objections [ECF 9; ECF 10; ECF 11; ECF 12] are **OVERRULED**, the R&R [ECF 7] is **ADOPTED** in its entirety as the Order of this Court, and this matter is **DISMISSED WITHOUT PREJUDICE**. The motion for leave to amend the Complaint [ECF 13] is **DENIED as moot.** The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 11th day of January, 2023.

Steven D. Grimberg
United States District Court Judge